**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE ABELARDO RAMIREZ CANTARERO,<br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF DE NINOS, JOVENS Y FAMILIAS DEL CONDADO DR CHESTER, PA 19380 0990, *et al.*,<br>*Defendants*. | : | CIVIL ACTION NO. 25-CV-3499 |

**MEMORANDUM**

**Pappert, J.** **October 15, 2026**

Jose Abelardo Ramirez Cantarero asserts in an amended complaint that he was convicted and imprisoned in violation of his constitutional rights. The Court previously dismissed the initial complaint, written entirely in Spanish, without prejudice because Ramirez Cantarero failed to comply with a prior order to file an English language amended complaint or resubmit his original complaint with an English language translation. (Dkt. No. 8.) Because Ramirez Cantarero has now submitted an English Language Amended Complaint (Dkt. No. 18), the Court will reopen the case, grant him leave to proceed *in forma pauperis* and screen the Amended Complaint. For the following reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I[1]

Ramirez Cantarero asserts that he was tried and found guilty of statutory rape, endangering the welfare of children, and indecent assault in March 2024. (Am. Compl. at 3.) *See also Commonwealth v. Ramirez-Cantarero*, 1290 EDA 2025, on appeal from CP-15-CR-0000401-2023 (C.P. Chester). His appeal of his sentence is pending before the Pennsylvania Superior Court. *Ramirez-Cantarero*, 1290 EDA 2025.

Ramirez Cantarero claims that, in January 2024, police "arrested" his daughter and took her to a juvenile justice facility, where they scared her and forced her to lie about Ramirez Cantarero's alleged actions. (Am. Compl. at 9, 11.) He alleges that he was not allowed to speak with his daughter, has not been permitted to attend her legal proceedings, and remains out of contact with her. (*Id.* at 9, 13, 17.) The district attorney, Zachary Yurick, reopened a criminal case against Ramirez Cantarero that had been previously been closed in May 2022. (*Id.* at 3, 10.) His daughter was "manipula[ted]" into testifying falsely at the trial of her father. (*Id.*) Ramirez Cantarero asserts that other parties, including social workers and teachers "present[ed] fake testimonies" and failed to appear at his trial when they allegedly knew the truth. (*Id.* at 3-4.)

Ramirez Cantarero asserts that, the day before she was "arrested," his daughter was sexually assaulted by three men who drugged her. (*Id.* at 11.) She was apparently taken to the Nemours Children's Hospital in Delaware. (*Id.*) Ramirez Cantarero

[1] The following allegations are taken from the Amended Complaint and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

alleges that his daughter suffered emotional and physical injuries. (*Id.* at 11.) He has filed complaints with the Department of Children, Youth and Families in Chester County and with the Pennsylvania Department of Human Services to contest the treatment of his daughter and to obtain information on whether perpetrators of her sexual assault have been prosecuted. (*Id.* at 13, 15.) He believes he should regain custody of his daughter. (*Id.* at 13.)

Ramirez Cantarero appears to name at least twenty defendants in his Amended Complaint, including: "Department of De Ninos, Jovens, y Familias del Condado Dr Chaster, PA 19380 0990" (Department of Children, Youth and Family Services), five employees of that Department, "A.D.R.B.,"[2] District Attorney Zachary Yurick, Detectives Patricia Doyle and David Neives, three school employees, Nemours Children's Hospital in Delaware, its employee Staphanie Ann Deutsch MD, and other Defendants that are not readily identifiable such as a "Grey," an unnamed medical doctor in Lancaster, Pennsylvania, "sipcologos, teraupistos, psiquiatra y consejeros, de escoala." (Am. Compl. at 3-9.) He brings this case pursuant to 42 U.S.C. § 1983. (*Id.* at 9.) As best the Court can tell, Ramirez Cantarero, who is a convicted prisoner, seeks to challenge his arrest and prosecution for the crimes against his daughter, raising constitutional claims. (*Id.* at 3-4, 9-11.) He wants the Court to dismiss all criminal

---

[2] Throughout his Amended Complaint, Ramirez Cantarero refers to his daughter with the initials "A.D.R.B" and her full name. As he was told in the Court's Order entered on July 24, 2025, (Dkt. No. 3 at 3), using the full names for minors in documents filed in the Court is prohibited. *See* Local Rule 5.1.3 (providing that "personal identifiers such as Social Security numbers, dates of birth, financial account numbers and names of minor children must be modified or partially redacted in all documents filed electronically or in paper"). Because Ramirez Cantarero has used the name of his daughter in the pleading, the Court will direct the Clerk to restrict access to it.

charges, revoke the sentences imposed, and clear his record. (*Id.* at 11.) He also seeks monetary damages for his incarceration and to be able to stay in the United States. (*Id.*)

II

Under 28 U.S.C. § 1915(e)(2)(B), the court must screen the Amended Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. *Id.* § 1915(e)(2)(B)(i)-(iii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (*per curiam*); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). At this stage, the Court accepts the facts alleged in Ramirez Cantarero's Amended Complaint as true, draws all reasonable inferences in his favor, and asks only whether the Amended Complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Ramirez Cantarero is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

A

Ramirez Cantarero appears to argue claims on his daughter's behalf, but he cannot do so because a non-attorney may not bring claims on behalf of another individual in federal court. *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). "The federal courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (internal quotations omitted). In addition, Ramirez Cantarero lacks standing to bring claims on behalf of his minor child. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Smith v. Northampton County*, No. 22-3788, 2023 WL 1767765, at *4 (E.D. Pa. Feb. 3, 2023) ("The Third Circuit has held, unequivocally, that a parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children."). For these reasons, Ramirez Cantarero's claims alleged on his daughter's behalf will be dismissed without prejudice.

B

Ramirez Cantarero has not stated a plausible § 1983 claim. He seeks to have his criminal charges and sentence reversed—relief that is not properly sought via § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would

necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). In this context, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Ramirez Cantarero alleges that the basis for his conviction and sentence is unfounded because the prosecution "manipula[ted]" his daughter and forced her to lie at trial. (Am. Compl. at 3, 10.) He also states that other parties "present[ed] fake testimonies" and failed to appear at his trial when they allegedly knew the truth. (*Id.* at 3-4.) However, the Amended Complaint does not allege that Ramirez Cantarero's convictions have been invalidated, and the public docket indicates that his appeal remains pending. *Ramirez-Cantarero*, 1290 EDA 2025. Since these claims challenge the very fact of Ramirez Cantarero's convictions and related imprisonment, they are not cognizable in a § 1983 action. *See Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (*Heck* barred a claim that the "defendants conspired to obtain a capital murder conviction against [plaintiff]" including by committing perjury and fabricating evidence); *Humphries v. Houghton*, 442 F. App'x 626, 629 (3d Cir. 2011) (*per curiam*) ("Humphries' claims that defendants used perjury and false evidence to secure his federal conviction are not cognizable under *Heck's* favorable termination rule."). In other words, any claims based on the alleged unconstitutionality of his convictions are not cognizable in a civil rights action at this time. Accordingly, the Court will dismiss

these claims without prejudice to his refiling them in a new lawsuit only in the event that Ramirez Cantarero's convictions are ultimately invalidated.

IV

For the foregoing reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice. To the extent that he has brought claims on behalf of his daughter, those claims are dismissed without prejudice because Ramirez Cantarero cannot bring claims on behalf of the minor child. The Amended Complaint is otherwise dismissed without prejudice to Ramirez Cantarero challenging his convictions in an appropriate post-conviction or *habeas* proceeding, or to filing a new civil rights complaint **only in the event his convictions are reversed, vacated, or otherwise invalidated**. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given at this time because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**Gerald J. Pappert, J.**